IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH CARR, | § | |
| (BOP No. 49542-177), | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 4:23-cv-447-O |
| | § | |
| BOP OFFICE OF | § | |
| GENERAL COUNSEL, et al., | § | |
| | § | |
| Defendants. | § | |

**OPINION and ORDER OF PARTIAL
DISMISSAL UNDER 28 U.S.C. § 1915A**

This case is before the Court for review of pro-se inmate/plaintiff Michael Joseph Carr's operative pleading under the screening provision of 28 U.S.C. § 1915A. After reviewing the amended complaint, the Court concludes that one defendant and some claims must be dismissed under this provision, but that Plaintiff may obtain service of his remaining claims of violation of due process of law against Warden F. J. Garrido and Bureau of Prisons Regional Director Heriberto H. Tellez.

**BACKGROUND/PLAINTIFF'S PLEADINGS**

Norman initiated this action by filing a typed complaint with exhibits. ECF No. 1. This Court issued an Order and Notice of Deficiency directing Carr to complete and file a form civil-right complaint with attachments. ECF No. 4. Carr then filed an amended complaint with multiple exhibits. ECF No. 6. Without obtaining leave, Carr then submitted an additional supplemental pleading with numerous exhibits. ECF No. 10. The Court advised Carr that he could not have multiple pleadings and directed him to either complete and re-file a second amended complaint incorporating all of these claims or file a document informing the Court that he instead would rely upon his existing amended complaint. ECF No. 11. Carr complied by filing

1

a document informing the Court that he would "rely upon my existing amended complaint with attachments and exhibits . . .." ECF No. 12. Thus, the Court will review Carr's amended complaint. Am. Compl. 1-43, ECF No. 6.

In the amended complaint, Carr names as defendants former FMC-Warden F. J. Garrido, Bureau of Prisons ("BOP") Regional Director Heriberto H, Tellez, and the BOP Office of General Counsel. Am. Compl. 3, ECF No. 6. As to Garrido, Carr alleges that he "provides oversight over entire facility, mailroom, and administrative coordination. Administrative remedies are returned untimely or missing paperwork." *Id.* As to Tellez, Carr alleges that he "direct[s] signature and responder to BP10s, Southern Regional Office. Receives and delivers to FMC-Fort Worth, with consistent delay and no statement of extension." *Id*. And, as to the BOP Office of the General Counsel, Plaintiff writes "[r]esponders of all submitted BP11s, the final Administrative Remedy Step. Dismissive of issues and untimely deliver of responses." *Id.*

> The statement of claim portion of the amended complaint is as follows:
>
> Throughout my incarceration at FMC Fort Worth. I along with multiple other inmates, have experienced continuous loss of and delayed delivery/receipt of Administrative Remedy Responses, from BP 8-11 status. Exhibits have been included to document multiple returns past appeal date, signed off by delivering officials and executive staff. Each defendant listed in this claim has direct oversight over Administrative Remedies at various local, regional, and central levels.
>
> This misconduct by the B.O.P. defendants constitutes illegal conspiracy to deprive inmates of our Due Process rights under the Fifth Amendment of the U.S. Constitution by depriving us with respect to our Administrative Remedies provided by federal regulations without due process of law. These acts also violate 42 U.S.C. § 1985(3). The particular regulation with respect to which these violations occur are 28 CFR 542.18 and sec 542,13, intentionally causing our appeals and other responses to be unduly late and thus voidable by the defendants.

*Id.* at 4-5. For relief in this proceeding, Carr writes that he is "seeking a permanent injunction against each of these BOP defendants which enjoins them from any further deceptive conduct with regard to dating and delivering Rejections and Responses to Administrative complaints

(BP9, BP10, BP11)."

## **LEGAL STANDARD OF REVIEW UNDER 28 U.S.C. § 1915A**

As a prisoner seeking redress from a governmental entity, Carr's pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[1] *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). The screening statute, 28 U.S.C. § 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

---

[1] Plaintiff Carr paid the full filing and administrative fees in a lump sum when he filed this lawsuit, so he is not proceeding in this action in forma pauperis and is not subject to the screening provision applicable to in-forma-pauperis cases. See 28 U.S.C. § 1915(e)(2).

## ANALYSIS

### A. Claims against Bureau of Prisons ("BOP") and BOP Office of General Counsel

Carr lists two individual defendants and also has listed as a defendant the BOP Office of General Counsel. Am. Compl. 3, ECCF No. 6. Although it is unclear whether Carr intends his claims against the individuals to also be in an official capacity, to the extent he asserts official capacity claims, they must be dismissed. The Supreme Court, in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. 388, 297 (1971). Although a plaintiff may pursue a *Bivens* claim against individual federal officers for a constitutional violation in certain limited contexts, he may "not bring a [*Bivens* action] against the United States, the Bureau of Prisons [BOP], or BOP officers in their official capacities as such claims are barred by sovereign immunity." *Gibson v. Federal Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) and *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity); *see also Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 484-86 (1994) (*Bivens* claim not authorized against a federal agency). As a result, Carr may not seek relief for alleged violations of his constitutional rights against the Bureau of Prisons or against the individual defendants in an official capacity, and thus such claims must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, a *Bivens* action against a federal agency or one of its divisions is also barred by sovereign immunity. *Solliday v. Director of Bureau of Prisons, et al.*, Civ. No. 11-2350

4

(MJD/JJG), 2012 WL 3839340, at *5 (D. Min. July 27, 2012) (citing *Buford v. Ryan*, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998), *rep. and rec. adopted*, 2012 WL 3835853 (D. Minn, Sep. 4, 2012)). Therefore, any constitutional claim against the BOP's Office of General Counsel must also be dismissed as failing to state a claim.

**B.      Claim under 42 U.S.C. § 1985(3)**

Carr's § 1985 claim against the individual defendants similarly fails to state a claim upon which relief can be granted. Section 1985(3) imposes liability on two or more persons who "conspire . . . for the purpose of depriving ... any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). In *Mack v. Alexander*, the Fifth Circuit held that § 1985(3) is inapplicable to federal actors. 575 F.2d 488, 489 (5th Cir. 1978) (holding § 1985 "provide[s] a remedy for deprivation of rights under color of state law and does not apply when the defendants are acting under color of federal law"). Another court in this district recently noted that, in *Cantú v. Moody*, the Fifth Circuit acknowledged criticism of *Mack's* holding for "failing to grapple with Supreme Court precedent" in *Griffin v. Breckenridge*, 403 U.S. 88 (1971), which held that § 1985(3) reaches private conspiracies. 933 F.3d 414, 419 (5th Cir. 2019), *cert. denied*, ––– U.S. –––, 141 S. Ct. 112, 207 L.Ed.2d 1052 (2020) (noting that *Mack's* holding has not "aged well"). *See Konan v. United States Postal Serive*, 652 F.Supp. 3d 721, 733 (N.D. Tex. 2023) (citing *Cantu*, 933 F.3d at 419)). As the court in *Konan* recognized, however, the *Cantú* court recognized that, ultimately, "[o]ur precedent holds § 1985(3) does not apply to federal officers." 933 F.3d at 419.

Even if §1985(3) did apply to federal actors, Carr's claim also fails under the well-established intracorporate-conspiracy doctrine, which precludes plaintiffs from bringing

5

conspiracy claims under § 1985(3) against multiple defendants employed by the same governmental entity. *Konan,* 652 F. Supp. 3d at 733 (citing *Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013)). According to Fifth Circuit precedent, a governmental entity and its employees constitute "a 'single legal entity which is incapable of conspiring with itself.' " *Thornton*, 526 F. App'x at 388 (quoting *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998)). In Carr's amended complaint, the two individual defendants are both employees of the Bureau of Prisons. Am. Compl. 4, ECF No. 6 ("the misconduct by these BOP defendants"). As such, Carr cannot meet the § 1985(3) requirement that the alleged conspiracy involve "two or more persons" because, "where all of the defendants are members of the same collective entity, the conspiracy does not involve two or more people." *Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997) (internal citations omitted).

For all of these reasons, Carr's claims under 42 U.S.C. § 1985(3) must be dismissed for failing to state a claim upon which relief may be granted.

## SERVICE OF REMAINING CLAIMS

As noted above, Carr has recited Fifth Amendment violations in his amended complaint against the remaining individual defendants. Thus, the Court will allow service of Carr's Fifth Amendment due process claims against FMC-Fort Worth Warden F. J. Garrido and Regional Director Heriberto H. Tellez.[2]

## CONCLUSION and ORDER

It is therefore **ORDERED** that all Plaintiff Michael Joseph Carr's claims, except for his claims under the Fifth Amendment against Warden Garrido and Regional Director Heriberto H.

---

[2] A separate order will issue regarding authorization for service of Carr's Fifth Amendment claims

Tellez, are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1).

    **SO ORDERED** this **11th day** of **December, 2023.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

against these two defendants.